HOUSTON, Justice.
The petitioner claims that the Court of Criminal Appeals, by refusing to reverse his conviction, 497 So.2d 859, has rendered a decision which we should review. The Court of Criminal Appeals, however, rendered its judgment in this case without writing an opinion, and although the petitioner has complied with the requirements of Rule 39(k), Ala.R.App.P., by presenting us with a “statement of facts,” we must deny his request that we review that judgment.
The petitioner contends that he received ineffective assistance from his trial counsel. However, in his Rule 39(k) “statement of facts,” the petitioner has merely presented to us 14 “facts” — some of which, if supported by the record, would be illustrative of ineffective assistance under certain circumstances. In his supporting brief, the petitioner specifically addresses only one of these “facts” (namely, that “Counsel never investigated an insanity defense”). However, there are no other “facts” within the Rule 39(k) “statement of facts” which remotely suggest that an inquiry into such a defense was even indicated in this case.
As we view the petition, we are being asked to grant the writ and search the record to see if petitioner’s trial counsel was indeed ineffective. This we will not do. In cases such as this one, a petitioner must provide us with 1) a detailed Rule 39(k) “statement of facts” and 2) a supporting brief which specifically addresses the alleged inadequacies of counsel within the context of the particular facts detailed in the Rule 39(k) “statement of facts.” Otherwise, on preliminary consideration we cannot make a reasonable determination as to whether there is a probability of merit in the petition. Rule 39(g), Ala.R.App.P.
WRIT DENIED.
TORBERT, C.J., and MADDOX, AL-MON and BEATTY, JJ., concur.